```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF ALABAMA
                     SOUTHERN DIVISION
```

MICHAEL LEON HILL,             :

    Petitioner,            :

v.                             :          CIVIL ACTION 06-0086-KD-M

GRANTT CULLIVER,               :

    Respondent.            :

<u>REPORT AND RECOMMENDATION</u>

    This is an action under 28 U.S.C. § 2254 by an Alabama inmate which was referred for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), Local Rule 72.2(c)(4), and Rule 8 of the Rules Governing Section 2254 Cases.  This action is now ready for consideration.  The state record is adequate to determine Petitioner's claims; no federal evidentiary hearing is required. It is recommended that this habeas petition be dismissed as time-barred and that judgment be entered in favor of Respondent Grant Culliver and against Petitioner Michael Leon Hill pursuant to 28 U.S.C. § 2244(d).

    Petitioner was convicted of attempted murder in the Circuit Court of Mobile County on April 1, 1997 for which he received a sentence of life without parole in the state penitentiary (Doc. 1; *see also* Doc. 11, Exhibit B, p. 1).  On appeal, the Alabama Court of Criminal Appeals affirmed the conviction (Doc. 11, Exhibit D).  The Alabama Supreme Court denied Hill's petition for

writ of *certiorari* and issued a certificate of judgment on April 17, 1998 (*see* Doc. 11, p. 2 and Exhibit H).

Petitioner filed his first Rule 32 petition on June 12, 1998 (Doc. 11, Exhibit Q, p. 9).  That petition was denied on January 22, 1999 (*id.*); Hill did not appeal that denial (*see* Doc. 11, p. 3 and Exhibit Q, p. 34).

On August 29, 2000, Petitioner filed a State habeas corpus petition which was summarily denied on October 27, 2000 (Doc. 11, Exhibit I, pp. 10-20).  The Alabama Court of Criminal Appeals affirmed the denial (Doc. 11, Exhibit L).  On June 29, 2001, the Alabama Supreme Court denied Hill's petition for writ of *certiorari* and issued a certificate of judgment (Doc. 11, Exhibit P).

Petitioner filed a second Rule 32 petition on January 6, 2003[1] which was summarily denied on February 18, 2003 (*see* Doc. 11, p. 3 and Exhibit Q, pp. 17-36).  In a memorandum entered on August 15, 2003, the Alabama Court of Criminal Appeals affirmed the dismissal of the petition (Doc. 11, Exhibit T).  On December 12, 2003, the Alabama Supreme Court denied Hill's petition for writ of *certiorari* and issued a certificate of judgment (Doc. 11, Exhibit X).

Petitioner filed a third Rule 32 petition on April 21, 2005

---

[1]January 6, 2003 is the date Hill signed his petition; it was actually filed in the Mobile County Circuit Court on February 12, 2003 (*see* Doc. 11, Exhibit Q, pp. 17, 33).

which was summarily denied on June 2, 2005 (*see* Doc. 11, p. 3 and Exhibit Y). Hill did not appeal the denial of that petition (*see* Doc. 11, p. 3).

Petitioner filed a complaint with this Court on February 6, 2006[2] raising the claim that he was improperly sentenced under the Alabama Habitual Felony Offender Act as he was not properly notified and because the State did not present proof of his prior convictions (Doc. 1).

Respondent has answered the petition, arguing that it should be dismissed as it was not filed within the one-year statute of limitations period (Doc. 11, pp. 4-5). Respondent refers to provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996 (hereinafter *AEDPA*) which amended, in pertinent part, 28 U.S.C. § 2244. The specific provision states as follows:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.

28 U.S.C. § 2244(d)(1)(A).

The AEDPA became effective on April 24, 1996. *Goodman v. United States*, 151 F.3d 1335, 1336 (11th Cir. 1998). Hill's

---

[2] Petitioner initiated this action on February 7, 2006 with the signing of this habeas petition; it was not actually filed in this Court until February 13, 2006 (Doc. 1).

conviction became final on April 17, 1998, the day on which the Alabama Supreme Court issued a Certificate of Judgment (Doc. 11, Exhibit H).  The Court also notes that because Petitioner had ninety days in which to seek direct review of his conviction in the U.S. Supreme Court, those ninety days do not count against him—whether he actually sought review or not.  *See Coates v. Byrd*, 211 F.3d 1225, 1226-1227 (11th Cir. 2000) *cert. denied*, 531 U.S. 1166 (2001).  When ninety days are added to April 17, 1998 the resulting date is July 16, 1998; therefore, the one-year statute of limitations clock began running on July 17, 1998.

Petitioner's federal habeas corpus petition was not filed in this Court until February 6, 2006, more than six years after the grace period had expired (*see* Doc. 11, p. 4).  However, Hill had filed a Rule 32 petition in State court on June 12, 1998 which is before the one-year period had expired.  The Court notes that AEDPA states that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."  28 U.S.C. § 2244(d)(2).

Without counting the total length of time that the limitations clock was running, the Court notes that a gap of nearly four years passed between the time that Petitioner's first Rule 32 petition came to a close and he filed his second Rule 32 petition (January 22, 1999 through January 6, 2003).  Hill's

4

State habeas petition was filed during this four-year period, but its entire life was only ten months (August 29, 2000 through June 29, 2001), leaving a full three-year period of time during which Petitioner had no pending State court actions challenging this conviction.[3]

Clearly, Petitioner's habeas corpus petition was filed well beyond the one-year grace period and filed in violation of 28 U.S.C. § 2244(d). However, Petitioner has asserted that he is actually innocent of the sentence imposed upon him as the State did not properly invoke use of the Habitual Offender Act in sentencing him (Doc. 14, p. 3).

The U.S. Supreme Court, in *Schlup v. Delo*, 513 U.S. 298, 324 (1995), has stated that, in raising an actual innocence defense to a procedural bar, a petitioner must "support his allegations of constitutional error with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial." The evidence presented "must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Schlup*, 513 U.S. at 327. In other words, Petitioner must persuade this Court, "that, in light of

---

[3]The Court could not readily determine whether or not an Alabama habeas petition would toll the statute of limitations. Respondent referred to no specific case which addressed this issue and the Court was unable to find anything in its own search. However, it makes no difference in this action, as Petitioner far exceeded the one-year limitations period even if the State habeas petition is considered to have tolled the statute.

the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Schlup*, 513 U.S. at 329. A court can consider constitutional infirmities only after this threshold has been met.

In this action, the Court notes that Petitioner offers only assertions of his innocence (Doc. 14). There is no offer of new evidence. The Court finds that Petitioner has made no showing of actual innocence and has not overcome the statute of limitations problem presented. The Court finds that Petitioner has provided no cause for ignoring the dictates of the Anti-Terrorism and Effective Death Penalty Act of 1996: this action is time-barred.

For the reasoning stated herein, it is recommended that this habeas petition be dismissed as time-barred and that judgment be entered in favor of Respondent Grantt Culliver and against Petitioner Michael Leon Hill pursuant to 28 U.S.C. § 2244(d).

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
<u>AND FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>

1. **Objection**. Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a <u>de novo</u> determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge. <u>See</u> 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(<u>en banc</u>). The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

A party may object to a recommendation entered by a

magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed <u>de novo</u> and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.   **Transcript (applicable where proceedings tape recorded)**.  Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

DONE this 8th day of August, 2006.

                                    s/BERT W. MILLING, JR.
                                    UNITED STATES MAGISTRATE JUDGE