IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **MICHAEL LEON HILL,** | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) CIVIL ACTION 06-0086-KD-M |
| | ) |
| **GRANTT CULLIVER,** | ) |
| | ) |
| Respondent. | ) |

## ORDER

This matter is before the court on the report and recommendation of Magistrate Judge Bert W. Milling, Jr., (Doc. 15) and petitioner's objections. (Doc. 16).  In the report and recommendation, Judge Milling recommends that this case be dismissed as time barred and addresses petitioner's argument that he is actually innocent of the sentence imposed because the State did not properly invoke use of the Habitual Felony Offender Act (HFOA) in sentencing him.  Judge Milling found that petitioner made no showing of actual innocence and provided no cause for ignoring the limitation period in the Anti-Terrorism and Effective Death Penalty Act (AEDPA). (Doc. 15).

Petitioner filed an objection to Judge Milling's recommendation wherein he argues that because the prosecution did not present certified copies of his prior felony convictions, the HFOA was improperly invoked and he received an illegal sentence.  He argues that receiving an illegal sentence is a jurisdictional issue which is not precluded by the limitations period under Rule 32.1(b) and (c) of the Alabama Rules of Criminal Procedure and 28 U.S.C. 2244(d)(1)(A). He also argues that it would be a miscarriage of justice to apply the statute of limitations to prevent adjudication of his claim that his improper and excessive sentence violates his

constitutional right under the Eighth Amendment to be free from cruel and unusual punishment. (Doc. 16).

Review of the petitioner's reply to the Government's response to his habeas petition indicates that petitioner has raised the same arguments in his objection to Judge Milling's report and recommendation as he raised in his reply. (Docs. 14, 16).  Again, he argues that because the State did not present certified copies of his prior felony convictions, the Habitual Felony Offender Act was not properly invoked and the trial court was without jurisdiction to sentence him to life without parole.  Again, he argues that because this is a jurisdictional issue, it may be raised at any time without consideration of any limitation period.  As Judge Milling determined, petitioner has not presented any new evidence or argument which would overcome application of the AEDPA statute of limitations.[1]

---

[1] Moreover, the issue of whether the lack of a certified copy of a defendant's prior felony was a jurisdictional issue has been addressed by the Alabama courts in Ex parte Phillips, 887 So.2d 324 (Ala.Crim.App.,2004), as follows:

> Phillips states in his mandamus petition that he alleged in his Rule 32 petition that the HFOA was illegally applied to enhance his sentence because his prior convictions were not properly certified or authenticated. This assertion does not raise a jurisdictional claim. As this Court stated in Franks v. State, 819 So.2d 106, 107 (Ala.Crim.App.2001):
>
>> "Franks asserts that he was incorrectly sentenced as a habitual felony offender because the State did not provide properly certified copies of his prior convictions. However, the failure to object in the trial court to the State's method of proving prior convictions precludes further consideration of that issue on direct appeal. Nichols v. State, 629 So.2d 51, 57-58 (Ala.Crim.App.1993). Because this issue is waivable on appeal, it does not involve depriving the trial court of its jurisdiction; thus, this issue is not jurisdictional. Nichols, 629 So.2d at 57 (a procedural requirement can be waived by defendant's failure to object; a jurisdictional matter is not subject to waiver)."

After due and proper consideration of all pleadings in this file, and a *de novo* determination of those portions of the Recommendation to which objection is made, the Recommendation of the Magistrate Judge made under 28 U.S.C. § 636(b)(1)(B) is adopted as the opinion of this Court.

Accordingly, it is ORDERED that this action be DISMISSED as time-barred under the provisions of 28 U.S.C. § 2244(d)(1)(A).

DONE this the 5th day of September, 2006.

     s / Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**

---

Phillips's Rule 32 petition was filed approximately 20 years after the limitations period had expired, and it did not raise a jurisdictional claim. Therefore, the circuit court had no jurisdiction to entertain the petition. The limitations period established in Rule 32.2(c), Ala.R.Crim.P., is mandatory and jurisdictional; failure to file a Rule 32 petition within the period deprives a court of the jurisdiction to review a Rule 32 petition. See Williams v. State, 783 So.2d 135 (Ala. Crim. App.2000).

Ex parte Phillips, 887 So.2d at 325-326 (footnote omitted).